STATE v. J. N. CANNON.

(Filed 16 April, 1947.)

**1. Criminal Law § 81c (2)—**

   In this prosecution for subornation of perjury, the portion of the charge excepted to, though lacking in clarity, *is held* not to contain prejudicial error when the charge is construed contextually.

**2. Same—**

   A charge which fails to repeat in each instance the phrase "beyond a reasonable doubt" in charging upon the *quantum* of proof required to establish defendant's guilt of each of the elements of the offense, but which ends with an admonition that the jury should be satisfied from the evidence beyond a reasonable doubt as to defendant's guilt of each and every essential element of the offense as defined in order to convict, *is held* not prejudicial.

**3. Perjury § 4—**

   The suborner of perjury and the perjurer stand upon an equal footing, especially in respect to turpitude and punishment. G. S., 14-210.

APPEAL by defendant from *Thompson, J.,* at November Term, 1946, of WAKE.

Criminal prosecution on indictment charging the defendant with subornation of perjury.

It is in evidence that on Sunday afternoon, 25 August, 1946, one Wooster King was seen by three police officers of the City of Raleigh to come out of defendant's store at 44 South Blount Street, with a bag in his hand. The officers stopped King and found an unopened bottle of wine in the bag. King said he had bought the wine from the defendant. Whereupon, the defendant was charged with violating the city ordinance against selling wine on Sunday.

When the defendant was tried in the City Court, Wooster King testified that he did not get the wine from the defendant, but that he went into the defendant's store to buy some cigarettes and carried the wine into the store with him. It later developed that King's testimony was false and that the defendant had told him what to say and promised to pay him $25.00 if he would swear falsely in the case.

Verdict: Guilty.

Judgment: Three years in State's Prison.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Edward F. Griffin and Yarborough & Yarborough for defendant.*

STACY, C. J.   The principal exception appearing in the defendant's statement of the case, which was stressed on the hearing with much insistence and apparent confidence, is the one addressed to the following excerpt from the charge:

In order to convict of this crime (subornation of perjury), "the jury must be satisfied from the evidence beyond a reasonable doubt that the testimony of the witness claimed to have been suborned was false and the jury must also be satisfied from the evidence beyond a reasonable doubt that the testimony was given willfully and corruptly knowing it to be false. If the State has satisfied you from the evidence beyond a reasonable doubt that the defendant knew or believed such testimony would be false and you are satisfied from the evidence and believed to have known the witness to have been suborned willfully and corruptly testified and you must also be satisfied from the evidence and beyond a reasonable doubt that the defendant induced or procured the witness to give such false testimony."

Taken with other portions of the charge, *i.e.,* considering it contextually, we think the instruction substantially accords with what was said in *S. v. Chambers,* 180 N. C., 705, 104 S. E., 670.   The latter part was not as clear as it might have been, but taken in its setting, no reversible error has been made manifest.

After recapitulating the evidence, and stating the contentions rather fully, the court gave this closing admonition to the jury:

"Remember you cannot render a verdict of guilty against this defendant unless the State has satisfied you from the evidence beyond a reasonable doubt as to the existence of each and every one of the essential elements which.go to make up the crime of subornation of perjury as those elements have been enumerated to you in my instructions."

In the eyes of the law, the suborner of perjury and the perjurer stand on an equal footing, especially in respect of turpitude and punishment. G. S., 14-210.   The one procures; the other performs.   41 Am. Jur., 40.

There are other exceptions which were pressed with vigor, but on the whole, it would seem that the validity of the trial should be upheld.

No error.